Filed 7/22/15 Unmodified opinion attached

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN ANTHONY LOPEZ,<br><br>    Defendant and Appellant. | H040726<br>(Santa Clara County<br>Super. Ct. Nos. C1235752, C1242237)<br><br><br>**ORDER MODIFYING OPINION<br>AND DENYING REHEARING**<br><br>[**NO CHANGE IN JUDGMENT**] |

THE COURT:

It is ordered that the opinion filed herein on June 29, 2015, be modified as follows:

On page 4, last paragraph, delete the following sentences:

Furthermore, it is not our place to remand this matter to the trial court and direct that a hearing be held under section 1170.18. A section 1170.18 petition must be filed once the judgment is final and the jurisdiction over the cause has been returned to the trial court.

Replace with:

Furthermore, since we have expedited and decided this appeal jurisdiction over this matter will be returned to the trial court upon issuance of the remittitur. Appellant can then file his petition pursuant to section 1170.18 for recall of sentence.

The petition for rehearing is denied. There is no change in judgment.

Dated:_____        _____
                                                                                                ELIA, J.

_____
                    Rushing, P.J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040726 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. C1235752, C1242237) |
| v. | |
| JOHN ANTHONY LOPEZ, | |
| Defendant and Appellant. | |

In this appeal from two cases filed in the Santa Clara County Superior Court, appellant John Anthony Lopez requests that we reverse the judgments and remand the case to the trial court with instructions to hold a hearing pursuant to Penal Code section 1170.18.[1]  For reasons we shall explain we decline to reverse the judgment.

*Background*

On December 6, 2012, the Santa Clara County District Attorney's Office filed an information in case No. C1242237 charging appellant with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); being under the influence of methamphetamine, a misdemeanor (Health & Saf. Code § 11550, subd. (a)); possession of drug paraphernalia, a misdemeanor (Health & Saf. Code former § 11364.1, Stats. 2011, ch. 738, § 11); and possession of less than 28.5 grams of marijuana, an infraction (Health & Saf. Code § 11357, subd. (b)).

Subsequently, on December 12, 2012, the district attorney's office filed an information in case No. C1235752 in which appellant was charged with felony

---

[1]  Originally, counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Subsequently, on January 14, 2015, we granted counsel's request to file a supplemental brief to address Proposition 47 sentencing.

possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); being under the influence of methamphetamine with three prior convictions for the same offense, a misdemeanor (Health & Saf. Code, § 11550, subd. (a) & (b)(1)); and possession of drug paraphernalia, a misdemeanor (Health & Saf. Code, former § 11364.1, Stats. 2011, ch. 738, § 11). In the information, the prosecutor alleged that appellant had suffered a prior conviction for lewd and lascivious acts with a child under 14 years old (Pen. Code, § 288, subd. (b)(1)) [2]—a prior strike (§§ 667, subds. (b)-(i), 1170.12) and had suffered a prior prison term within the meaning of section 667.5, subdivision (b). In addition, the information contained an allegation that appellant had served a prison term for possessing a controlled substance.

On September 9, 2013, appellant pleaded no contest to all charges and admitted all allegations.

On January 8, 2014, after denying appellant's *Romero* motion (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497), the trial court sentenced appellant to 32 months in prison on case No. C1235752 and imposed a concurrent term of one year in county jail on case No. C1242237.[3]

*Changes to the Penal Code*

On November 4, 2014, the voters approved Proposition 47, the "Safe Neighborhoods and Schools Act." The essential parts of Proposition 47 are as follows: it requires (1) a misdemeanor sentence instead of a felony sentence for certain drug possession offenses; (2) a misdemeanor sentence instead of a felony sentence for the crimes of petty theft, receiving stolen property, and forging/writing bad checks, when the amount involved is $950 or less; (3) allows a felony sentence pursuant to section 1170, subdivision (h) for specified crimes if a defendant has a prior conviction listed under

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.
[3] The court imposed but stayed two one-year terms imposed pursuant to section 667.5, subdivision (b) in light of appellant's acknowledgment of guilt.

section 667, subdivision (e)(2)(C)(iv), or a prior conviction for an offense requiring sex offender registration under section 290; and (4) requires resentencing for defendants serving felony sentences for the crimes specified above unless the trial court finds an unreasonable risk to public safety.  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Official Title and Summary, pp. 35, 70; see e.g., §§ 459.5, subd. (a), 473, subd. (b), 476a, subd. (b), 490.2, subds. (a) and (b), 496, subd. (a), 666, subds. (a), (b) & (c), 1170.18; Health and Saf. Code §§ 11350, subds. (a), (b) & (c), 11357, subd. (a), 11377, subds. (a) & (b).)  The initiative became effective on November 5, 2014.  (Cal. Const., art. II, § 10 subd. (a) [an initiative statute or referendum approved by a majority of votes thereon takes effect the day after the election unless the measure provides otherwise].)

As relevant here, Proposition 47 amended section 11377 of the Health and Safety Code.  Prior to that amendment, possession of controlled substances in violation of section 11377 of the Health and Safety Code was a wobbler, i.e., an offense that is punishable *either* by imprisonment in the state prison or by incarceration in the county jail.  (Health & Saf. Code, former § 11377; *In re Manzy W.* (1997) 14 Cal.4th 1199, 1210; *People v. Kunkel* (1985) 176 Cal.App.3d 46, 51.)  As amended by Proposition 47, Health and Safety Code, section 11377 now provides that a violation of that section is a misdemeanor, unless the defendant has one or more prior convictions for an offense specified in section 667, subdivision (e)(2)(C)(iv)—which lists serious and violent felonies that are sometimes referred to as super strike offenses—or for an offense that requires the defendant to register as a sex offender under section 290, subdivision (c).  Such defendants may instead be punished pursuant to subdivision (h) of section 1170. (Health & Saf. Code, § 11377, subd. (a).)

Proposition 47 created a procedure for recall of sentence for persons currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act had the act been in effect at the time of the offense.  (§ 1170.18, subd. (a).)  Such an offender "may petition for a recall of

3

sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing" based on the reduced misdemeanor status of the amended offenses. (§ 1170.18, subd. (a).)  Pursuant to section 1170.18, subdivision (b), if a trial court determines that the inmate satisfies the eligibility requirement in subdivision (a), then it shall resentence to a misdemeanor, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." Proposition 47 set forth a definition of unreasonable risk of danger to public safety in section 1170.18, subdivision (c):  "As used throughout this Code, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667."

However, the recall-of-sentence procedure of Proposition 47 is not applicable to "persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (c) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."  (§ 1170.18, subd. (i).)

*Discussion*

As noted *ante*, appellant requests that we reverse the judgments and remand this case to the trial court with directions to resentence him under section 1170.18.  The People contend that appellant's prior conviction for violating section 288, subdivision (b)(1) disqualifies him from relief under Proposition 47 and therefore, this court need not remand the matter.  The People argue that we should "deny appellant's appeal outright by affirming the judgment."

We find no grounds for reversing or even modifying the judgment.  Furthermore, it is not our place to remand this matter to the trial court and direct that a hearing be held under section 1170.18.  A section 1170.18 petition must be filed once the judgment is final and jurisdiction over the cause has been returned to the trial court.  Appellant's

4

eligibility for recall of sentence will be determined at that point in time. Section 1170.18, subdivision (j) contains a "good cause" exception to the three-year filing period. The pendency of appellate proceedings and resulting lack of jurisdiction over the cause in the trial court would necessarily constitute good cause for a filing delay. Thus, the length of the appellate process will not foreclose prisoners whose judgments were not final on Proposition 47's effective date from obtaining relief to which they *may* be entitled pursuant to section 1170.18.

Finally, we decline the People's implied invitation to decide the matter in the first instance. To obtain a sentencing reduction pursuant to section 1170.18, a petitioner must file a petition for a recall of sentence in the trial court. (§ 1170.18, subds. (a) & (l) [a person may file for recall of sentence before the trial court that entered the judgment of conviction and if the court that sentenced the petitioner is not available, the presiding judge shall designate another judge to rule on the petition or application].) Appellant may file the appropriate petition in the trial court and the trial court must decide the threshold question of whether he is eligible for resentencing.

*Disposition*

The judgments are affirmed.

_____

ELIA, J.

WE CONCUR:



_____

RUSHING, P. J.



_____

PREMO, J.



*The People v. Lopez*

H040726

Trial Court:                                          Santa Clara County Superior Court
                                                      S.Ct. Nos. C1235752, C1242237


Trial Judge:                                          Hon. Robert M. Foley


Counsel for Defendant and Appellant:                 Katja Grosch
John Anthony Lopez                                   Under Appointment of the Sixth District
                                                     Appellate Program


Counsel for Plaintiff and Respondent:                Kamala D. Harris
The People                                           Attorney General of California

                                                     Gerald A. Engler
                                                     Chief Assistant Attorney General

                                                     Jeffrey M. Laurence
                                                     Acting Senior Assistant Attorney General

                                                     Eric D. Share
                                                     Supervising Deputy Attorney General

                                                     Huy T. Luong
                                                     Deputy Attorney General


*The People v. Lopez*

H040726